# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EARL D. JOHNSON, JR. | * | |
| Plaintiff | * | |
| v | * | Civil Action No. GJH-17-3401 |
| LT. RICHARD ROBINETTE,<br>LUCRETIA HARRELL, Hearing Officer,<br>CHAD ZIMMERMAN, Officer, | *<br><br>* | |
| Defendants | * | |

***

## MEMORANDUM OPINION

Plaintiff Earl D. Johnson, Jr., an inmate confined at the Maryland Correctional Training Center (MCTC) in Hagerstown, Maryland filed a complaint against Defendants Lieutenant Richard Robinette, Hearing Officer Lucretia Harrell, and Officer Chad Zimmerman pursuant to 42 U.S.C. §1983. ECF No. 1. Pending is Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment. ECF No. 16. Plaintiff opposes the Motion. ECF No. 18. Also pending are Plaintiff's two Motions for Summary Judgment. ECF Nos. 15, 19.

No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons to follow, Defendants' Motion, ECF No. 16, treated as a Motion for Summary Judgment, will be granted in part and denied in part. Plaintiff's Motions for Summary Judgment, ECF Nos. 15, 19 will be denied, and Plaintiff will be appointed counsel.

## I.  BACKGROUND

Plaintiff alleges that Lieutenant Robinette and Officer Zimmerman sexually harassed him from August 10, 2017 to October 10, 2017, including unjustified "weekly" strip searches that

including the touching of Plaintiff's naked butt and genitalia. ECF No. 1 at 4-5, 8.[1] He also alleges they discriminated against him on the basis of race. *Id*. at 5

Plaintiff claims that on October 3, 2017, he was issued a "false" notice of a rule violation for possessing fermented juices. *Id*. at 3. Plaintiff claims he was denied due process at his infraction hearing, alleging various defects in the process, including a broken chain of custody, faulty or absent field test results on the fermented juices, and the admission of hearsay testimony. *Id*. at 4, 6-7. As relief, Plaintiff is seeking $300,000.00 in damages and lost wages. ECF No. 1 at 3.

Defendants' verified exhibits and declarations state that on October 3, 2017, Zimmerman and Robinette went to check on a strong odor of fermented juices coming from the cell Plaintiff shared with Ryan Wallace. Decl. of Chad Zimmerman, ECF No. 16-2 ¶ 2; Decl. of Richard Robinette, ECF No. 16-3 ¶ 2; ECF No. 16-5 at 2. Zimmerman found a box with several plastic bags containing fermented juice under Plaintiff's bunk. Zimmerman confiscated the bags and wrote an adjustment on Plaintiff. Decl. of Chad Zimmerman, ECF No. 16-2 ¶ 2; ECF No. 16-3 ¶ 2. The juice was analyzed and tested positive for alcohol. ECF No. 16-5 at 1. Zimmerman declares that "jail house wine" has been discovered under Plaintiff's bunk on other occasions. ECF No. 16-2 ¶ 2; ECF No.16-5 at 6 (testifying that the first time Johnson received a warning, the second time Johnson was placed on cell restriction, and the third time a Notice of Inmate Rule Violation was issued). *Id.* Zimmerman denies strip searching Plaintiff or making sexual comments to him. ECF No. 16-2 ¶ 3; ECF No. 16-4 ¶ 2.

Officer Robinette witnessed Zimmerman pull a large bag wrapped in a coat from under Plaintiff's bunk. ECF No. 16-3 ¶ 2. Robinette also explained that prison rules require that when contraband is found in a double cell, both cellmates are issued rule violation notices, allowing the

---

1 All citations to filings refer to the pagination assigned by the Court's electronic docketing system.

hearing officer to consider the matter and determine the consequences. ECF No. 16-3 ¶ 2.

Plaintiff was charged with violating three prison rules: Rule 111, possession or use of unauthorized medication, drugs, or a substance identified as an intoxicant, excluding alcohol and a controlled dangerous substance; Rule 114, possession of a controlled dangerous substance, intoxicant, or alcohol in sufficient quantity or packaging to suggest intent to distribute or distribution; and Rule 301 possession or use of alcohol without authorization. ECF No. 16-5 at 1. Johnson was served with the Notice of Rule Violation on October 4, 2017. ECF No. 16-5 at 3. Johnson did not request a representative at the hearing. He requested Zimmerman appear as a witness. ECF No. 16-5 at 3.

On October 19, 2017, Hearing Officer Lucretia Harrell presided over Johnson's infraction hearing. Johnson pleaded not guilty to all three rule violations. *Id*. at 4. Harrell granted Johnson's request to dismiss the Rule 111 violation. *Id*. at 5. Johnson also moved to dismiss the Rule 114 violation charge, arguing the photographs in evidence did not show the quantity or weight of the liquid recovered, and to dismiss the Rule 301 violation because the fermented juice was not in his personal possession. *Id*. Harrell denied his request because the amount of liquid recovered was evident in the photographs, and because he had constructive possession of the contraband. *Id*.

Zimmerman testified at the hearing that he recovered between seven and eight gallons of alcohol under Johnson's bed as well as a bag of sugar and oranges. ECF No. 16-5 at 6. Zimmerman testified this was the third time Johnson has violated these prison rules. The first time Johnson had received a warning, the second time he was placed on cell restriction, and the third time a Notice of Inmate Rule Violation issued. *Id.* Harrell found Zimmerman's testimony and report credible and reliable. She found Johnson's testimony unpersuasive and found him guilty of violating Rules 114 and 301. She imposed a 60-day segregation sentence and revoked 60 days of good time credits

3

for the Rule 114 violation. ECF No. 16-5 at 7. She imposed no sanctions for the Rule 301 violation. *Id*.

Johnson appealed the decision to the Warden, who affirmed the guilty finding. The Warden reduced Johnson's sanctions to 20 days of segregation and revoked 20 good conduct credits. ECF No. 16-5 at 10-14.

## II.     STANDARD OF REVIEW

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue as to any material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). However, no genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *Celotex*, 477 U.S. at 322-23. Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial. *See Anderson*, 477 U.S. at 248. A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in a light most favorable to the party opposing the motion." *Matsushita*, 475 U.S. at 587 (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *see also E.E.O.C. v. Navy Fed. Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005). The mere existence of a "scintilla" of evidence in support of the non-moving party's case is not sufficient to preclude an order granting

summary judgment. *See Anderson*, 477 U.S. at 252. Because Johnson is self-represented, the Court recognizes its obligation to liberally construe his submissions. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**III.    DISCUSSION**

    A.  Johnson's Summary Judgment Motions

Johnson filed his first Motion for Summary Judgment (ECF No. 15) on April 30, 2018, before Defendants filed their Motion to Dismiss or for Summary Judgment. In it, Johnson states that he was found not guilty for rule violations in another incident on April 4, 2018, and questions how he can be found not guilty "for the same rule violation no test results to justify alcohol time spend on lock up." ECF No. 15. Plaintiff's assertions, even if true, involve a different incident and may, contrary to his assertions likely involve different facts. Moreover, these allegations form the basis of one of Plaintiff's other actions, *Johnson v. Steele,* Civil Action No. GJH-18-1405, which was dismissed. The allegations in Plaintiff's self-titled "Motion for Summary Judgment" have no bearing on the disposition of this case, do not raise a genuine issue as to any material fact relevant here, and the Motion, ECF No. 15, will be denied.

Johnson filed a second Motion for Summary Judgment, ECF No. 19, in this case as well identical motions as in Civil Action No. GJH-17-2050 (D. Md. August 30, 2018)[2] and GJH-18-1405 (D. Md. August 17, 2018).[3] In this Motion, Johnson asserts that he was the victim of a false

---

[2] In *Johnson v. Melchizedek*, Civil Action No. GJH-17-2050 (D. Md. August 30, 2018), Johnson challenged an August 1, 2012, rule violation charging him with possession of suboxone. Summary judgment was granted in favor of Defendants in that case. ECF No. 36.
[3] In *Johnson v. Steele,* Civil Action No. GJH-18-1405 (D. Md. August 17, 2018), Johnson alleged that Officer J. Steele falsely charged him with possession of alcohol and he was improperly strip searched and harassed as a result. He claimed this was the second time Officer Steele had written a false report on him. That case was dismissed. ECF No. 9.
    The Court denied Johnson's request to consolidate Civil Action No. GJH-1405 with this case, for reasons including because the case concerned different defendants and a different incident. *Id.* ECF No. 8, n. 2. The case was dismissed on August 17, 2018 for failure to adequately supplement the Complaint as directed by Court order.

report and spent more than 82 days on "lock-up for no other reason than the wrongful act of a DPSCS employee." ECF No. 19 at 1. This Court has already determined this filing does not involve the incident or Defendants in the instant case. *See supra* n. 2. Accordingly, the Motion for Summary Judgment, ECF No. 10, will be denied.

B. Johnson's Claims

To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). According Johnson's filings liberal construction, as this Court must, he seems to raise allegations of a violation of the Due Process Clause of the Fifth Amendment, and sexual harassment and unlawful discrimination in violation of the Equal Protection Clause and the Eighth Amendment.

1. Due Process

In the prison context, there are two different types of constitutionally protected liberty interests that trigger due process protections. The first is created when there is a state-created entitlement to an early release from incarceration. *Bd. of Pardons v. Allen*, 482 U.S. 369, 381 (1987) (state created liberty interest in parole); *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) (state created liberty interest in good conduct credits). The second type of liberty interest is created by the imposition of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Periods of administrative or disciplinary segregation, even with restrictive conditions, are not an "atypical and significant hardship" to trigger due process protections. *See, e.g., Incumaa v. Stirling*, 791 F.3d 517, 527 (4th. Cir. 2015). This Court has concluded on numerous occasions that restriction for periods longer than the 20 days of segregation housing which Johnson received does

not trigger due process protections. *See, e.g., Germain v. Bishop*, TDC-15-1421, 2018 WL 1453336, at *12 (D. Md. Mar. 23, 2018) (no due process interest in avoiding 90-day period of segregation, among other punishment); *Reynolds v. Shearin,* DKC-13-2495, 2015 WL 570308, at *5 (D. Md. Feb. 10, 2015) (same, for 60-day period of segregation); *Jones v. Morgan*, RWT–10–2928 2011 WL 3299344, at *3 (D. Md. July 29, 2011) ("The addition of 30-days' cell restriction to Jones's punishment similarly fails to implicate a liberty interest."). Johnson does not assert nor does the record suggest that his 20 days of segregation amounted to an atypical hardship under *Sandin.*

Prison disciplinary proceedings are not considered to be part of a criminal prosecution where the accused is afforded a full array of rights. *See Wolff,* 418 U.S. at 556 (citing *Morrissey v. Brewer,* 408 U.S. 471, 488 (1972)). In prison disciplinary proceedings where an inmate faces the possible loss of diminution or "good time" credits, as was the case here, an inmate is entitled to certain due process protections, including: (1) advance written notice of the charges; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence and a written` decision; (4) the opportunity to have non-attorney representation; and (5) an impartial decision-maker. *See Wolff*, 418 U.S. at 564-66, 592. If the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied. *See Baxter v. Palmigiano*, 425 U.S. 308, 322, n.5 (1976). Substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). Here, the hearing officer's decision was based on some evidence: Johnson and Zimmerman's testimony, the Notice of Inmate Rule Violation Report, and photographs taken of the fermented wine. In sum, Johnson received the procedural protections required and the sanctions imposed were based on

7

evidence to comport with substantive due process; accordingly, Defendants' Motion for Summary Judgment will be granted as to this claim.

    2. Discrimination

The Equal Protection Clause of the Fourteenth Amendment protects prisoners from invidious discrimination based on race. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to establish a claim for a violation of the equal protection clause, a plaintiff must show that "he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). "Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." *Id*.

In his Complaint, Johnson alleges generally that he has been discriminated against on the basis of race and sexual orientation. He claims that both officers have stated they do not like Blacks. ECF No. 1 at 5. As evidence of the discrimination against him, Johnson notes that both he and his cellmate were charged with Rule violations, but only Johnson was found guilty of the rule violations. He accuses Hearing Officer Harrell of bias because she found him guilty when there was no chain of custody shown for the fermented juice. ECF No. 1 at 5. In his Reply, Johnson adds that he is black, and his cellmate is white. ECF No. 18 at 1.

Plaintiff has not established that the unequal treatment between he and his cellmate was the result of intentional or purposeful discrimination. First, his allegation that the officers stated they do not like Blacks is inapposite, as both he and his white cellmate were charged by the officers; it would require allegations of discriminatory statements by the hearing officer to establish that the unequal treatment here was driven by a discriminatory intent. As noted, prison policy required charging both cellmates when contraband is found in a shared cell. ECF No. 16-3

¶ 2. The fermented juice was found under Johnson's bunk and Harrell credited Officer Zimmerman's testimony, found Johnson's account unpersuasive, and made her determination based on the evidence adduced at the hearing. Johnson's conclusory assertions of discriminatory animus are insufficient to support a claim under the Equal Protection Clause, or any other violation of constitutional or federal law. For these reasons, the Court will grant Defendants' Motion for Summary Judgment as to this claim.

3. Sexual Harassment

Johnson claims Zimmerman and Robinette made sexually harassing comments to him. ECF No. 1 at 5. "[N]ot all undesirable behavior by state actors is unconstitutional." *Pink v. Lester,* 52 F.3d 73, 75 (4th Cir.1995). Mere verbal abuse and taunting inmates by guards, including aggravating language, does not state a constitutional claim. *See McBride v. Deer,* 240 F.3d 1287, 1291 n. 3 (10th Cir., 2001) (stating "acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment"). Verbal harassment and aggravating language, without more, do not amount to a constitutional violation. *See Blades v. Schuetzle,* 302 F.3d 801, 805 (8th Cir.2002) (racial slurs); *McFadden v. Lucas,* 713 F.2d 143, 146 (5th Cir.1983); *Cole v. Cole,* 633 F.2d 1083, 1091 (4th Cir.1980); *Johnson v. Glick,* 481 F.2d 1028 (2d Cir.1973). Taunting comments and slurs by correctional officers are unprofessional and reprehensible, but do not in and of themselves support a claim of constitutional violation.

However, sexual abuse by a corrections officer can give rise to an Eighth Amendment claim. *See, e.g., Rafferty v. Trumbull Cnty., Oh.*, 915 F.3d 1087, 1095 (6th Cir. 2019); *Ricks v. Shover*, 891 F.3d 468, 473 (3d Cir. 2018). Though mere verbal sexual harassment may not constitute a violation of the Eighth Amendment, *see Jackson v. Madery*, 158 F. App'x 656, 662

(6th Cir. 2005), "a single act of sexual abuse may violate the Eighth Amendment if . . . it is entirely gratuitous and devoid of penological purpose," *Ricks*, 891 F.3d at 473. To violate the Eighth Amendment, an incident of sexual abuse must be "objectively, sufficiently intolerable and cruel, capable of causing harm, and the official must have a culpable state of mind." *Id*. at 475. The subjective culpability of the official must, unless admitted, be inferred from the penological justification for any act taken. *Id*

Here, Johnson alleges that the officers were "touching [him] in the wrong places during shake down." ECF No. 1 at 7. He claims Zimmerman and Robinette sexually harassed him from August 10, 2017 to October 10, 2017. ECF No. 1 at 4. He says "it was sexual because of how it was done on a weekly bas[i]s … he had no right to touch my naked but[t] or to hold my ball in his hand at anytime[.] Zimmerman sexually harassed me on a weekly bas[i]s over a two month time." ECF No. 1 at 8. Rather than raise a penological justification for touching Johnson's naked butt or genitalia, the officers contend that no such touching occurred. Robinette declares that other than the October 3, 2017 incident, he cannot recall any other encounters with Johnson. Robinette Decl. ECF No. 16-3 ¶2. Zimmerman denies strip searching Johnson or making sexual comments to him. Zimmerman Decl. ECF No. 16-2 ¶3; ECF No. 16-4¶2. Johnson claims in his Response that Zimmerman sexually harassed him by touching his genitals on an unspecified date. ECF No. 18 at 4. Taken in the light most favorable to Johnson, he alleges that the officers touched his genitalia without any kind of penological justification. This is sufficient to state a claim for a violation of the Eighth Amendment, and the officers' denial that this act took place is a question of material fact that cannot be resolved on a motion for summary judgment. Defendants' motion for summary judgment is denied as to this Eighth Amendment claim.

## IV. CONCLUSION

For these reasons, the Court will grant in part and deny in part Defendants' Motion to Dismiss or in the Alternative, Motion for Summary Judgment, ECF No. 16, and deny Johnson's Motions for Summary Judgment, ECF Nos. 15, 19. Counsel shall be appointed to represent Plaintiff. A separate Order shall issue.

<u>March 22, 2019</u>  /s/_____
Date  GEORGE J. HAZEL
  UNITED STATES DISTRICT JUDGE